# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-4044-02-CR-C-FJG |
| | ) | |
| BEROLDO ALMAZAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Government's December 17, 2012 Sealed Motion for a Hearing filed in United States v. McNeary, No. 12-4010 (W.D. Mo. Feb. 16, 2012). The Government submits that the investigation (and subsequent superseding indictment on April 24, 2013) of Attorney James Douglas Barding in Case No. 12-4041 (W.D. Mo. June 5, 2012) has created a conflict of interest because Barding serves as an attorney for several individuals who are being prosecuted in the Western District of Missouri, including Victor Lee McNeary in McNeary; Leopoldo Nava-Nava in United States v. Nava-Nava, No. 12-4025 (W.D. Mo. March 21, 2012); and Beroldo Almazan, and Adolfo Almazan-Hernandez in United States v. Castaneda-Gonzalez,. No. 12-4044 (W.D. Mo. June 27, 2012).

Since the filing of the Government's motion, several hearings have been held on the issues. At two of the hearings, all four of the above-listed defendants were present.[1] At the first hearing, on January 18, 2013, prior to attorney Barding's indictment, all four defendants were brought before the Court and advised of the federal investigation and possible charges of immigration and marriage fraud against their attorney, Mr. Barding. At this hearing, all defendants waived any potential conflict of interest that this federal investigation against their attorney might raise. At the second hearing, on May 14, 2013, the Court advised all four defendants of the indictment issued by a federal grand jury formally charging attorney Barding with violation of 18 U.S.C. § 371, 8 U.S.C. § 1325(c) and 18 U.S.C. § 1425(a) and (b). All

---

[1] A Spanish interpreter was provided by the Court on behalf of the Spanish-speaking defendants.

defendants were given the information regarding the nature of the charges in the indictment, along with a detailed explanation of the Court's concern that the charges against Mr. Barding would create the potential for a conflict of interest between the interests of defendants and the interests of their lawyer, Mr. Barding. The Court specifically told each defendant, individually, that they had the right to retain new counsel or new counsel could be appointed by the Court if they qualified financially for such appointment. At this hearing, defendant Almazan-Hernandez advised the Court that he would like a new attorney. Based on Mr. Almazan-Hernandez's request, and his qualification for appointment of counsel, the Court appointed a new attorney to represent him. The other three defendants, McNeary, Nava-Nava, and Almazan, stated to the Court they did not want new counsel. These defendants stated they were willing to waive any claims of conflict of interest and ineffective assistance of counsel they might have in their respective cases based on the indictment of their attorney, Mr. Barding, by the same United States Attorney who was prosecuting the claims against them.

Despite waivers by the remaining three defendants to continue with Mr. Barding as their legal counsel, the Court held a telephone conference on May 15, 2013, with the Government and Barding participating, and advised the parties that the conflict of interest in this case may not be subject to waiver because on the facts surrounding the particular conflict in this case. The Court gave the parties time to file additional authority on the issue, and attorney Barding made a filing on May 16, 2013, supporting his continued representation of defendants McNeary, Nava-Nava, and Almazan.

**Discussion**

The Court recognizes a non-indigent criminal defendant's Sixth Amendment right to be represented by the attorney selected by the defendant. See United States v. Edelmann, 458 F.3d 791, 806 (8th Cir. 2006). The general rule is that "defendants are free to employ counsel of their choice and the courts are afforded little leeway in interfering with that choice." Id. However, the right to retain counsel of one's choice is not absolute." Id. "The right to choice of counsel must not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice." Id. "[C]ourts must balance the defendant's right to counsel of his own choosing against court's interest in the administration of justice." Id. The Edelmann court explained why conflicts of interest can violate the rights of the defendant:

2

> The right to counsel's undivided loyalty is a critical component of the right to assistance of counsel; when counsel is burdened by a conflict of interest, he deprives his client of his Sixth Amendment right as surely as if he failed to appear at trial. Thus, the Supreme Court has recognized that the right to counsel guaranteed by the Sixth Amendment includes the right to representation that is free from conflicts of interest. When an attorney has a conflict of interest, that attorney violates his duty of loyalty to his client and fails to provide effective assistance of counsel.

458 F.3d 791, 806-07 (citations omitted).

An actual conflict of interest occurs "when, during the course of the representation, the attorney's and the defendant's interest diverge with respect to a material factual or legal issue or to a course of action." Edelmann, 458 F.3d at 807 (citing United States v. Levy, 25 F.3d 146, 155 (2nd Cir. 1994)). In Levy, cited by the Eighth Circuit in Edelmann, the Second Circuit found that an attorney's prosecution on unrelated criminal charges by the same office prosecuting the defendant presented an actual conflict of interest. The court explained that:

> [The attorney] may have believed that he had an interest in tempering his defense of [the defendant] in order to curry favor with the prosecution, perhaps fearing that a spirited defense of [the defendant] would prompt the Government to pursue the case against [him] with greater vigor. Though [the attorney] was sentenced before the defendant's trial began, the pendency of the charges against [the attorney] created a conflict for the lawyer in properly representing [the defendant] during the pretrial stage of the [the defendant's case], as the Government noted in its January 5, 1990 letter.

Edelmann at 807 (quoting Levy at 156). This finding is consistent with the Seventh Circuit's holding in Thompkins v. Cohen, 965 F.2d 330, 332 (7th Cir. 1992), where the court held that a criminal defendant's counsel who was under criminal investigation can create a conflict of interest because it may induce the lawyer to "temper the zeal of his defense of his client" out of fear that he may lose favor with the prosecutor's office. Edelmann at 807. The interests of a lawyer are likely to diverge from the interests of his client, when the lawyer is being criminally investigated and/or prosecuted by the same United States Attorney who is criminally prosecuting his client. Armienti v. United States, 234 F.3d 820, 824-25 (2nd Cir. 2000). See also Briguglio v. United States, 675 F.2d 81, 82 (3rd Cir. 1982) (discussing whether there was a real conflict of interest when trial counsel was under investigation by same United States Attorney who was prosecuting his client); United States v. McLain, 823 F.2d 1457, 1463-64 (11th Cir. 1987) (holding that when trial counsel was under investigation by same United States Attorney who was prosecuting counsel's client actual conflict of interest existed).

Complaints made by defendants on appeal alleging Sixth Amendment ineffective assistance of counsel in circumstances similar to this case include the following conflicts of interest allegations: (1) the lawyer's own criminal investigation caused him to devote less time to his representation of his client and, therefore, the lawyer was ill-prepared and distracted; (2) the lawyer's own interest caused him to misadvise his client regarding his talking to the probation department at the time of his sentencing; and (3) the lawyer, consciously or otherwise, sought the goodwill of the United States Attorney for his own benefit which was not necessarily in the best interests of the lawyer's client. See Armienti at 825; see also. United States v. DeFalco, 644 F.2d 132, 136-37 (3rd Cir. 1980) (inherent emotional and psychological barriers created impermissible potential of preventing appellate counsel from competing vigorously with the government; even without proof of actual conflict of interest, legitimate decisions of counsel were rendered suspect because of conflicting loyalties to himself and his client).

Based on the foregoing, the Court finds that while the potential conflict in attorney Barding representing defendants McNeary, Nava-Nava, and Almazan could be waived by these defendants, this does not mean the Court is required to accept such waivers. See United States v. Ramos, 350 F. Supp. 2d 413, 423 (S.D.N.Y. 2004).[2] "A district court has substantial latitude to require disqualification even where defendants have attempted to waive any potential conflicts." Id. (citing United States v. Zichettello, 208 F.3d 72, 104 (2nd Cir. 2000) (quoting Wheat v. United States, 486 U.S. 153, 163 (1988)). The risks that Mr. Barding might sacrifice the interests of his clients in an effort to advance his own are too glaring for the Court to allow, despite the waivers by these defendants. See Stoia v. United States, 22 F.3d 766, 771 (7th Cir. 1994). The possibility, and even probability, of prejudicial conflict is just too obvious and severe for this Court to allow Mr. Barding to continue to represent these defendants. Barding is being prosecuted for felony crimes by the same United States Attorney who is prosecuting his clients for their felony crimes. Despite waivers by these defendants of potential conflicts, the reality of Barding potentially seeking to negotiate the best possible bargain on behalf of himself while at that the same time opposing the same United States Attorney on behalf of his clients, Victor Lee

---

[2] To the extent the Ramos court determined that conflict of interest between attorney's indictment on criminal charges could be waived by the defendant, this Court disagrees; however, this Court agrees with the Ramos court's further analysis that disqualification of the indicted attorney was appropriate.

4

McNeary, Leopoldo Nava-Nava and Beroldo Almazan, poses one of potentially many actual conflicts of interest between Mr. Barding and his clients. This finding is reasonable and consistent with Levy and Thompkins because Barding is subject to prosecution for felony crimes by the same United States Attorney who is prosecuting Barding's clients for felony crimes. Barding's clients have the right to unconflicted representation, and this Court believes that the conflict of interest in these case have the real potential of undermining such a right. This Court believes there is an actual conflict of interest in this case.

Moreover, this Court has an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Ramos at 423 (citing Wheat at 160). Allowing an attorney to defend clients against federal criminal charges in the same federal court that is currently prosecuting the attorney on federal criminal charges undermines the integrity of the judicial process. The Court also recognizes the real pragmatic effects of the conflict of interest if this case were to go to trial. Attorney Barding's indictment has been extensively covered by the news media throughout the State of Missouri in newspapers, television, and radio, thereby making selection of a jury in his clients' criminal trials difficult. Moreover, the Court can foresee problems with jurors potentially associating a defendant's choice of an attorney who has been indicted on federal criminal charges with the guilt of the defendant.

**Conclusion**

There is no question that a lawyer laboring under a conflict is at a disadvantage. Thus, while the client has the right to counsel of his choice, the Court remains obligated to protect a client from actual conflicts of interest that the client may not fully understand or appreciate; the Court is not compelled to accept a waiver of unconflicted loyalty, even where that is what the defendant might prefer. Ramos at 423-24. Here, this Court believes that attorney Barding has an actual conflict of interest with his clients who are being prosecuted criminally for crimes by the same United States Attorney who is prosecuting him criminally. Moreover, this Court finds that even if this were not an actual conflict, the Court further finds that Barding's conflict with his clients is so severe that it jeopardizes the integrity of the judicial process. ,

IT IS, THEREFORE, ORDERED that attorney James Douglas Barding is disqualified and, therefore, removed as defense counsel in the following cases: United States v. McNeary,

5

No. 12-4010 (W.D. Mo. Feb. 16, 2012); United States v. Nava-Nava, No. 12-4025 (W.D. Mo. March 21, 2012); and Beroldo Almazan in United States v. Castaneda-Gonzalez,. No. 12-4044 (W.D. Mo. June 27, 2012). It is further

ORDERED that a hearing is scheduled for May 22, 2013, with defendants McNeary, Nava-Nava and Almazan present to discuss obtaining or appointing new legal counsel for these defendants immediately.

Dated this 21st day of May, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge